UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 17-5868-MWF (KS)                                          Date: June 25, 2018

Title     *Natalio Trevizo v. S. Webster, et al.*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On August 8, 2017, Plaintiff, a California state prisoner proceeding *pro se*, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). (Dkt. No. 1.) On October 12, 2017, the case was closed based on Plaintiff's failure to submit necessary documentation in support of his request to proceed *in forma pauperis*. (Dkt. No. 6.) On February 14, 2018, Plaintiff filed a Motion to Reopen Case on the grounds that he had properly submitted the full filing fee. (Dkt. Nos. 8, 9.) On February 22, 2018 the Honorable Michael W. Fitzgerald granted the Motion to Reopen Case. (Dkt. No. 10.)

On March 6, 2018, the Court issued a Clarifying Order Re: Service of Complaint, requiring that Plaintiff serve the Complaint and Summons on each defendant within 90 days after the case was reopened. (Dkt. No. 13.) The Court also ordered that, no later than one week after the expiration of the 90-day period, "Plaintiff must file with the Court a separate proof of service for each defendant served within the 90-day period." (*Id.* at 1.) Plaintiff was expressly warned that "**his failure to effect proper service by the expiration of the 90-day period may result in dismissal of the action without prejudice as to any unserved defendant(s) unless Plaintiff can show good cause for extending the time for service**." (*Id.* at 1-2 (emphasis supplied in original).) Accordingly, Plaintiff was required to submit a proof of service for each defendant no later than May 30, 2018.

On April 10, 2018, Plaintiff submitted a Proof of Service to the Court, and, on April 16, 2018, the Court issued a Notice of Document Discrepancies, rejecting the Proof of Service because it was incomplete and did not contain a signature. (Dkt. No. 14.) On May 21, 2018, Plaintiff submitted another Proof of Service, which the Court subsequently rejected because it

was incomplete, failed to specify which documents were served, and was submitted by a non-party. (Dkt. No. 16.) At this point, almost four weeks have passed since Plaintiff's deadline for filing a Proof of Service for each defendant, and he has failed to do so correctly.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order." Accordingly, the Court could properly recommend dismissal of the action for Plaintiff's failure to prosecute and timely comply with the Court's March 6, 2018 Order.

**However, in the interests of justice, Plaintiff is ORDERED TO SHOW CAUSE on or before July 25, 2018, why the Court should not recommend that this action be dismissed for failure to prosecute. Plaintiff may discharge this Order by filing: (1) a request for an extension of time to file a Proof of Service for each defendant along with a declaration signed under penalty of perjury that establishes good cause for his failure to comply with the Court's March 6, 2018 Order or (2) a corrected Proof of Service for each defendant. Alternatively, Plaintiff may dismiss the entire matter without prejudice by filing a Notice of Voluntary Dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.**

**Plaintiff is advised that the failure to timely comply with this order may result in the dismissal of this case pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41-1.**

**IT IS SO ORDERED.**

:

**Initials of Preparer**   rhw