UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 17-5868-MWF (KS)   Date: May 21, 2019

Title   *Natalio Trevizo v. S. Webster et al*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: FAILURE TO SERVE**

On August 8, 2017, Plaintiff, a prisoner incarcerated at the Federal Correctional Institution at Lompoc, California ("FCI-Lompoc") and proceeding *pro se*, filed a civil rights complaint pursuant to *Bivens v. Six Unnamed Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Complaint at 1.) On October 12, 2017, the case was closed due to Plaintiff's failure to submit necessary documentation in support of his request to proceed *in forma pauperis*. (Dkt. No. 6.) On February 21, 2018, Plaintiff paid the filing fee in full (Dkt. No. 9), and, on February 22, 2018, United States District Judge Michael W. Fitzgerald reopened the case (Dkt. No. 10).

In civil rights actions brought by prisoners, Congress requires district courts to dismiss the complaint if the court determines that the complaint, or any portion thereof: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.[1] 28 U.S.C. § 1915A(b). Accordingly, pursuant to the Prison Litigation Reform Act, the Court screened the Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint. (Dkt. Nos. 18, 25, 29, 34.) On February 4, 2019, the Court ordered Plaintiff to serve the Third Amended Complaint, as amended

---

[1] Even when a plaintiff is neither a prisoner nor proceeding *in forma pauperis*, Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a trial court to dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same); *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (*per curiam*) (adopting Ninth Circuit's position in *Omar* and noting that in such circumstances a *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources").

by the Court's order, on Defendant Dr. Jaspal Dhaliwal in his individual capacity. (Dkt. No. 34.) The Court further ordered Plaintiff to file proof of service with the Court within 90 days, *i.e.,* no later than May 5, 2019, and warned Plaintiff that "if service is not completed within 90 days, the Court may dismiss this action." (*Id.*) Finally, the Court invited Plaintiff, if he believed that he was unable to afford the cost of service, to file, no later than March 6, 2019, a motion for service by the U.S. Marshals and a completed application to proceed *in forma pauperis*. (*Id.*)

More than two weeks have now passed since Plaintiff's May 5, 2019 deadline for filing a proof of service and, to date, nothing has been filed in this case to indicate that service was effected on or before the May 5, 2015 deadline. The Court may now recommend dismissal of the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which states that a civil action is subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order." Additionally, Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, the case is now subject to dismissal pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. Accordingly, **Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed for failure to prosecute, comply with court orders, and comply with Rule 4(m) of the Federal Rules of Civil Procedure. To discharge this Order and proceed with this case, Plaintiff shall file one of the following no later than June 11, 2019:**

(1) A response to this Order that explains why Plaintiff failed to comply with this Court's February 4, 2019 Order and proceed with service of process efforts, establishes good cause for Plaintiff's inaction, and requests an extension of time to effect service;
(2) A proof of service establishing that service was effected on or before the May 5, 2019 deadline; or
(3) A signed document entitled "Notice of Voluntary Dismissal" pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Plaintiff is expressly cautioned that neither his *pro se* status nor any "inadvertent error or ignorance of the governing rules" can establish good cause for his noncompliance with Rule 4(m). *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (*per curiam*) ("*Pro se* plaintiffs are bound by the rules of procedure."); *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992) (*overruled on other grounds*) ("Although there is a 'good cause' exception . . . it applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service.").

**IF PLAINTIFF FAILS TO TIMELY COMPLY WITH THIS ORDER, THE CASE MAY BE RECOMMENDED FOR DISMISSAL pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-1.**

The Clerk is directed to send Plaintiff a copy of the Central District's form Notice of Voluntary Dismissal (CV-09) and a copy of the Court's February 4, 2019 Order (Dkt. No. 34).

IT IS SO ORDERED.

:

**Initials of Preparer**